UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH KARL WILLIAMS,

        Plaintiff,

v.                                  Case No. 06-CV-12869

VAN BUREN TOWNSHIP POLICE
OFFICER, et al.,

        Respondent.
                                       /

**ORDER OF SUMMARY DISMISSAL**

Plaintiff Kenneth Karl Williams, a state inmate currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the court dismisses the complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted.

Plaintiff is incarcerated pursuant to convictions on two counts of first-degree murder. He alleges that the defendants improperly arrested him without a warrant, resulting in his false imprisonment in violation of the Fourth and Fourteenth Amendments. He further alleges that the circumstances related to his pre-arraignment confinement violated his right to due process.

---

[1] Under 28 U.S.C. § 1915(e)(2) provides, in pertinent part, that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. In this case, a finding in favor of Plaintiff would, necessarily, imply the invalidity of Plaintiff's convictions. Prior criminal proceedings must be terminated in favor of a plaintiff before a § 1983 malicious prosecution is actionable. *Id.* at 484. "This requirement avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the . . . creation of two conflicting resolutions arising out of the same or identical transaction." *Id.* (internal quotation omitted). Plaintiff has not shown favorable termination of the criminal proceedings against him and, therefore, may not maintain a § 1983 action.

Accordingly, IT IS ORDERED that the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 11, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 11, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522