UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH KARL WILLIAMS,

        Plaintiff,

v.                                                             Case No. 06-CV-12869

VAN BUREN TOWNSHIP POLICE
OFFICER MARK BUCKBERRY, et al.,

        Defendant.
                                        /

**ORDER DENYING PLAINTIFF'S "MOTION TO ALTER OR AMEND
JUDGMENT/AND FOR RECONSIDERATION PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 59(E)"**

      Plaintiff Kenneth Karl Williams filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983.  Plaintiff was granted permission to file the complaint without prepayment of the filing fee.  The court dismissed the complaint, pursuant to 28 U.S.C. § 1915(e)(2), because Plaintiff failed to state a claim upon which relief may be granted.  Now before the court is Plaintiff's "Motion to Alter or Amend Judgment/and For Reconsideration Pursuant to Federal Rules of Civil Procedure 59(e)."

      Motions to alter or amend judgments, filed pursuant to Fed. R. Civ. P. 59(e), are "entrusted to the court's sound discretion."  *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (*citing Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)).  Rule 59(e) motions are generally granted when one of the following circumstances arises:

> (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or  (3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Industries, Inc. v . Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (*citing Keweenaw Bay*, 940 F. Supp. at 1141). "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" *Id. (quoting Keweenaw Bay*, 904 F. Supp. at 1141).

In his complaint, Plaintiff, who is incarcerated pursuant to convictions on two counts of first-degree murder, argued that the defendants improperly arrested him without a warrant, resulting in his false imprisonment in violation of the Fourth and Fourteenth Amendments, and that the circumstances related to his pre-arraignment confinement violated his right to due process. The court dismissed the complaint pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), because a finding in favor of Plaintiff would, necessarily, imply the invalidity of Plaintiff's convictions. Prior criminal proceedings must be terminated in favor of a plaintiff before a § 1983 claim challenging those proceedings may be brought. *Id.* at 484.

Plaintiff argues that the court erred in concluding that a finding in favor of Plaintiff would, necessarily, imply the invalidity of Plaintiff's continued confinement because he sought only damages for his allegedly unlawful arrest, not reversal of his convictions. However, in his complaint, Plaintiff alleged that the constitutional violations were intended to, and, in fact, did, elicit from him a false confession. Thus, a finding in favor of Plaintiff on the alleged constitutional violations would call into question the validity of his convictions. *See Shaw v. Mangione*, 27 Fed. Appx. 407, 408 (6th Cir. 2001)

(holding that plaintiff's § 1983 claim was barred by *Heck* where plaintiff alleged that jail officials violated his Eighth Amendment rights by placing him in deplorable conditions on the eve of his trial so that he would be too tired to assist in his own defense, but plaintiff's conviction had not been reversed or vacated).

Moreover, since issuing its Order of Summary Dismissal, the court has learned that Plaintiff previously filed a § 1983 civil rights complaint in the United States District Court for the Western District of Michigan in which he raised the same claims against the same defendants named in this complaint. The district court dismissed the complaint utilizing the *Heck* analysis. *See Williams v. Van Buren Township, et al.*, No. 1:96-cv-935 (W.D. Mich. July 27, 1997). Thus, under the doctrine of *res judicata*, Plaintiff is precluded from relitigating these claims. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n.1 (1984).

Accordingly, IT IS ORDERED that Plaintiff's "Motion to Alter or Amend Judgment/and For Reconsideration Pursuant to Federal Rules of Civil Procedure 59(e)" [Dkt. # 6] is DENIED.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 15, 2006, by electronic and/or ordinary mail.

  S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\06-12869.WILLIAMS.deny 59(e) reconsideration.mbc.wpd